Ellen Boyle
    vs.                    W. C. A. No. 691
U. S. Finishing Co.

RESCRIPT

March 11, 1927

BAKER, J.   Heard on petition under the Workmen's Compensation Act.

In this matter the petitioner, widow of one William Boyle, is seeking to recover compensation from the respondent company by reason of the death of her husband.

No written notice of any accident was given the respondent company by the injured man. A consideration of the testimony, however, leads the Court to believe, and it so finds, that the respondent company had sufficient actual notice of the accident and the injury to bring the petitioner within the provisions of the act.

The evidence shows that immediately after the injury William Boyle spoke to the second hand about the

matter and was advised to go to the company nurse. This testimony is un contradicted. It further appears that Mr. Boyle was treated and attended by the nurse and the respondent's doctor from time to time for the injury to his toe. The accident record cards of the respondent company substantiate this. While perhaps from the testimony it would appear that the nurse did not inquire into the details of the happening and the injured man did not volunteer any information to her, nevertheless from all the evidence in the case the Court clearly feels that the weight of the evidence shows that the respondent company through its proper employees had knowledge of the accident and the injury in question.

The real matter in dispute in this proceeding, as disclosed by the petition and the answer, is as to whether or not the death of William Boyle was caused by an accident arising out of and in the course of his employment.

The petitioner contends that her husband was injured by the dropping of a center-bar upon his foot and toe while engaged in his usual work for the respondent company. The latter urges that the testimony in the case does not sufficiently support this contention.

While there were apparently no eye-witnesses to the injury to Mr. Boyle, nevertheless the Court has come to the conclusion that the fair inference to be drawn from all the testimony in the case is that an accident took place substantially as related by the petitioner's witnesses.

The Court finds, therefore, that the preponderance of the testimony shows that the injury to Mr. Boyle's toe was caused by an accident arising out of and in the course of his employment.

In arriving at this dicision the Court is somewhat guided by the testimony relating to Mr. Boyle's services with the respondent company. It is not contradicted that he had been steadily employed with this company for a

period of about 38 years and that rarely, if ever, did he take time from his work. In fact, the testimony shows that about a year previous to his death it became necessary to amputate the tip of a finger and even for this operation he lost no time. A man of the type revealed by these incidents, in the judgment of the Court would not be likely to feign an accident.

The respondent company also argues that, even if there was an accident, Mr. Boyle's death was not caused thereby but followed from his general physical condition.

The medical testimony in the case reveals that the petitioner's husband died at the Rhode Island Hospital from gangrene of the foot. There is in the testimony more or less surmise and intimation that his condition was diabetic. The tests given to ascertain this were not conclusive but unquestionably there were indications that he was suffering from that disease. It does appear clearly, however, that treatments may be given which prolong a patient's life for many years when in this condition and the evidence did not in any way tend to show that Mr. Boyle was in a serious condition from diabetes if he had that disease. There is testimony that about a year before his death one of his toes was treated by the company's doctor and nurse for infection, but apparently this situation cleared up long before the accident involved here. All the doctors in the case, including a witness placed on the stand by the respondent company, agree that in order to bring about such an infection as the testimony showed existed in the present case, even assuming a diabetic condition, some blow or some trauma was necessary. The mere fact that Mr. Boyle might possibly have been suffering from diabetes, although this is not definitely proved, would in the judgment of the Court not prevent his widow from recovering compensation

if it could be shown that the immediate and· proximate cause of his death was an accident arising out of and in the course of his employment. It appears to the Court that the most that can be claimed for the respondent company is that the accident here perhaps lighted up or developed or brought to a head a predisposing cause which possibly had a bearing on the death of the petitioner's husband.

The Court finds that the actual and proximate cause of Mr. Boyle's death was the blow· on his foot and toe which later developed into a gangrenous condition.

After giving all the evidence due consideration, the Court finds that the petitioner is entitled to compensation at the rate of $10 per week for 300 weeks and such bills and funeral expenses as are disclosed by the testimony.

The petitioner is entitled, therefore, to a decree.

For Petitioner: Greenough, Easton & Cross.

For Respondent: Hinckley, Allen, Tillinghast & Phillips.